Kirkpatrick, C. J.
— I think this record is erroneous in many respects. In order to ground a proceeding of forcible entry and detainer, the act requires that the party shall malee a complaint in writing, specifying the lands, tenements, or other possessions so forcibly entered upon and detained, by whom, and when done, and the estate therein.
The complaint filed in this case, is, that the defendants “ entered into and upon lands of the complainant, lying and being in the river Delaware, which said lands are covered with water, and there, forcibly and with strong hand, entered upon a certain ware or fishery, which belonged to and was in possession of the said complainant, to which she had title under certain commissioners,” &c.
From these words, it seems to be uncertain whether the forcible entry and detainer complained of, are of the land, or of the fishery, or of the ware. If of the lands, or fishery, then the complaint is insufficient, not [*] specifying the estate therein which the complainant had, as the act directs; if, of the ware, which is mere personal property, then the ground of complaint itself fails; it is a subject matter for the forcible entering upon and detaining of which, this kind of prosecution will not lie. It was so at common law, it was so under the English statutes formerly in force here, it is so under our own statute.
If it should be thought that the commissioner’s license in any way affects the case, it is to be observed.
The river Delaware is a navigable river, free from the passage of all the citizens of this State. This right of navigation is paramount to all other rights. The right of fishing, *101 therefore, could only he exercised and enjoyed, subject to the p aramount right of navigation, and where they interfered, the right of fishing must yield. The Legislature, in order to prevent any disturbance or controversy in the exercise of these two rights, have thought proper to appoint commissioners to inspect the river, and to determine in what places wares, &c., may be erected without injury to the free passage, and to grant licenses accordingly; and they have strictly inhibited the erecting of such wares, without such license, under certain penalties. How, it is manifest, in this view of the subject, that the Legislature, in this, only restrain and modify a right which existed before; these commissioners convey no estate, no new right, they only determine where and by whom, that which pre-existed, may be enjoyed and used consistently [101] with the public interest, with the free navigation of the river.
The complainant, therefore, in order to lay a foundation for this prosecution, ought to have set forth her estate in the land and fishery, as the act requires, and not to have referred merely to the license; for that gives no estate. How essential this part of the complaint is, for the attainment of justice, it is not necessary to state. It is enough, that the Legislature have required it. Let the judgment be reversed.
[*] Rossell, J. — Concurred.